**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| KW INTERNATIONAL, LLC | ) | Case No. 23-90708 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S EMERGENCY MOTION TO CONVERT TO A CASE UNDER CHAPTER 7**

> **Emergency relief has been requested. Relief is requested not later than July 28, 2023, at 5:00 p.m. (prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "judgelopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields and click "Submit" to complete the appearance.**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW KW International, LLC (the "Debtor" or "KWI'), as debtor and debtor-in-possession, and files this *Emergency Motion to Convert to a Case under Chapter 7* (the "Motion").

## I. JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 1112(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code").

## II. BACKGROUND

**A.   About the Company**

3. The Debtor, which has been in business for more than 60 years, manufactures a complete line of production and measurement equipment for oil and gas companies, pipeline operators, and others in the midstream and upstream segments of the oil and gas industry. The Debtor offers both pre-engineered equipment as well as equipment customized to a customers' specifications. The Debtor's products include: (i) production equipment used for oil and gas separation, dehydration, conditioning, and treatment, (ii) oil and gas measurement equipment, including gas measurement systems, which measure the amount of liquid oil and gas at the time of transfer, and (iii) a variety of automated systems, controls, and instrumentation relating to the equipment.

4. The Debtor's executive officers are located in Houston, Harris County, Texas.

5. The Debtor's manufacturing facility is located in Columbus, Texas, near Interstate 10. This facility is located on about 20 acres, of which approximately 140,000 square feet are under roof. The facility includes a 100-ton crane capacity, a stress oven rail system, and a blast and paint booth. This facility can be viewed on the Debtor's website: www.kwintl.com. This state-of-the-art facility allows the Debtor to provide off-the-shelf designs and customized systems to fit its customers' needs and specifications. The Debtor currently has a backlog of orders of approximately $29 million.

6. The Debtor's human resources are a significant source of strength. The Debtor

has a strong and experienced management team and has improved the skill set throughout the organization during the past several months.  These human resources, joined with the Debtor's state-of-the-art facility, allow it to provide customized systems to fit its customers' needs.

7. However, from 2020 to early-2022, as a result of the COVID-19 pandemic and related global supply chain issues, the Debtor encountered financial difficulties.  The Debtor's financial condition also deteriorated in 2020-2021 due to increased material costs, significant turnover in key management roles, and poor performance until qualified replacements could be found.  Consequently, in late 2021, the Debtor began working with a financial advisory services firm in an effort to restructure its financial obligations outside of a Chapter 11 bankruptcy process.  As a result of the Debtor's prior financial restructuring efforts, the Debtor obtained fully-secured financing through three (3) different parties – a factoring company for the Debtor's accounts receivable, an inventory lender for the Debtor's inventory, an equipment lessor/lender[1] for the Debtor's equipment, and a promissory note secured by real estate owned by the Debtor.

8. Unfortunately, the Debtor's attempts to restructure outside of the Chapter 11 process were not sufficient, and the Debtor lacks the resources to execute its substantial backlog of orders on a timely and profitable basis.  The Debtor filed this case believing that the best and most prudent course of action to maximize the value of the Debtor's assets and balances was to conduct on expeditious sale of the Debtor's assets and business as a going concern through a sale pursuant to section 363 of the Bankruptcy Code.  For this purpose, the Debtor has retained SSG Capital Advisors, LLC ("SSG") to act as investment bankers to conduct a sale process relating to the Debtor's business and assets.

---

[1] Although the agreement with the Debtor's equipment lender takes the form of a Master Lease Agreement, the Debtor reserves all rights with respect to whether the Master Lease Agreement is a true lease or an equipment financing agreement.

### B. Procedural History

9. On June 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

10. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case. On June 20, 2023, the United States Trustee appointed an Official Committee of Unsecured Creditors.

### C. The Debtor's Sale and Marketing Efforts

11. Prior to the commencement of this case, the Debtor explored a wide variety of options for recapitalizing and/or restructuring its enterprise. Ultimately, the Debtor determined that it was likely to realize the highest and best value for its business through a sale of all or substantially all of its assets. The Debtor and SSG have marketed the Debtor's assets widely and aggressively for a period of approximately six (6) weeks following the commencement of this case. Indeed, following the Petition Date, SSG contacted approximately 287 potential buyers, including 103 strategic buyers (including 99 midstream and upstream companies and 4 suppliers), and 184 financial buyers (including 143 industry specific buyers and 41 opportunistic buyers).

12. The sale process yielded nondisclosure agreements with several potentially interested parties, many of whom requested and obtained access to the Debtor's online data room to perform due diligence. However, due to market uncertainty following the Petition Date, it has become increasingly more difficult for the Debtor to obtain new orders from customers, which has impacted the Debtor's cash flow. Due to Debtor's deteriorating financial condition, SSG and the Debtor followed up with all potentially interested parties regarding the Debtor's need to expedite the sale process.

13. The Debtor filed this bankruptcy case with the hopes of finding a reprieve from its pre-petition situation of mounting debts and to use the breathing room afforded under chapter

11 to pursue a sale of its assets for the benefit of all constituents of its estate.  Unfortunately, and despite the best efforts of the Debtor and SSG, the Debtor has been unable to find a buyer to purchase its assets and continue the business.  In addition, after evaluating operational cash flow needs and cash position over the past several weeks, the Debtor believes that it is no longer in a position to continue funding operations.

14.     Due to its inability to continue funding operations in the future, the Debtor discontinued its business operations at the end of the day on July 24, 2023.

15.     Given the cessation of the Debtor's business operations and its inability to meet its minimum obligations as a debtor under the Bankruptcy Code, there is no longer a reasonable likelihood of reorganization.  Other than to pursue any estate causes of action, there is no more for the Debtor to accomplish that could not be accomplished in a chapter 7 case.  Hence, to prevent further diminution of the estate, the Debtor believes that the best course of action is to convert this Bankruptcy Case to a case under chapter 7.

16.     The Debtor requests conversion of the case on an emergency basis to permit a chapter 7 trustee to immediately begin the process of securing the Debtor's business locations and equipment, working with its secured lenders in relation to their secured collateral, and performing any other actions immediately necessary to preserve the value of the Debtor's assets for the benefit of its bankruptcy estate.

### III.  RELIEF REQUESTED

17.     Section 1112(a) of the Bankruptcy Code permits a debtor to convert its chapter 11 case to a case under chapter 7 except in limited circumstances.  11 U.S.C. § 1112(a) (forbidding voluntary conversion when: the debtor is not a debtor in possession, the case commenced as an involuntary, or when the case was converted to chapter 11 other than on the debtor's request).  Because none of these circumstances are present in this Bankruptcy Case and the Debtor is eligible to be a chapter 7 debtor, the Debtor is entitled to convert this Bankruptcy Case to a case under chapter 7.

18. Accordingly, the Debtor requests that the Court enter an order: (i) converting the Bankruptcy Case to chapter 7 under § 1112(a) of the Bankruptcy Code, and (ii) granting any such other and further relief as is just and equitable. A copy of the Debtor's proposed order granting the relief requested in the Motion is attached hereto as **Exhibit A**.

Dated:  July 26, 2023.

Respectfully submitted,

*/s/ J. Robert Forshey*
J. Robert Forshey
State Bar No. 07264200
Suzanne K. "Suki" Rosen
State Bar No. 00798518
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Fort Worth, TX  76102
Telephone: 817-877-8855
Facsimile:   817-877-4151
bforshey@forsheyprostok.com
srosen@forsheyprostok.com

ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 26, 2023, a true and correct copy of the foregoing document was served via email, via the Court's Electronic Case Filing (ECF) system, or via first class mail, as applicable, upon the attached Master Service List.

*/s/ J. Robert Forshey*
J. Robert Forshey

L:\BFORSHEY\KW International, LLC #6261(WO)\Pleadings (23-90708)\Emergency Motion to Convert Case to Chapter 7 7.26.2023.docx